**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

Case No. 14-CV-03068 (VEB)

MICHELLE HERT,

                Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

             Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In January of 2011, Plaintiff Michelle Hert applied for Supplemental Security
Income ("SSI") benefits and Disability Insurance Benefits ("DIB") under the Social
Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, represented by D. James Tree, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8).

On January 5, 2015, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 17).

## II. BACKGROUND

The procedural history may be summarized as follows:

Plaintiff applied for SSI benefits and DIB on January 27, 2011. (T at 232-40, 241-46).[1]  The applications were denied initially and on reconsideration and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On September 12, 2012, a hearing was held before ALJ Tom Morris. (T at 49).  Plaintiff appeared with an attorney and testified. (T at 55-58, 59-81, 98-99).  The ALJ also received testimony from Trevor Duncan, a vocational expert (T at 58-59, 82-98).

On November 2, 2012, the ALJ issued a written decision denying the applications for benefits and finding that Plaintiff was not entitled to benefits under

---

[1] Citations to ("T") refer to the administrative record at Docket No. 11.

the Social Security Act.   (T at 23-48).   The ALJ's decision became the Commissioner's final decision on March 27, 2014, when the Social Security Appeals Council denied Plaintiff's request for review.  (T at 1-6).

On May 22, 2014, Plaintiff, acting by and through her counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 4). The Commissioner interposed an Answer on July 28, 2014. (Docket No. 10).

Plaintiff filed a motion for summary judgment on December 1, 2014. (Docket No. 15).  The Commissioner moved for summary judgment on January 12, 2015. (Docket No. 19).  Plaintiff filed a reply brief on January 26, 2015. (Docket No. 22).

For the reasons set forth below, the Commissioner's motion is denied, Plaintiff's motion is granted, and this case is remanded for calculation of benefits.

DECISION AND ORDER – HERT v COLVIN 14-CV-03068-VEB

# III. DISCUSSION

## A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§

1  404.1520(a)(4)(ii), 416.920(a)(4)(ii).

2  If plaintiff does not have a severe impairment or combination of impairments,

3  the disability claim is denied. If the impairment is severe, the evaluation proceeds to

4  the third step, which compares plaintiff's impairment with a number of listed

5  impairments acknowledged by the Commissioner to be so severe as to preclude

6  substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20

7  C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed

8  impairments, plaintiff is conclusively presumed to be disabled. If the impairment is

9  not one conclusively presumed to be disabling, the evaluation proceeds to the fourth

10  step, which determines whether the impairment prevents plaintiff from performing

11  work which was performed in the past. If a plaintiff is able to perform previous work

12  that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv),

13  416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is

14  considered. If plaintiff cannot perform past relevant work, the fifth and final step in

15  the process determines whether plaintiff is able to perform other work in the national

16  economy in view of plaintiff's residual functional capacity, age, education and past

17  work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v.*

18  *Yuckert*, 482 U.S. 137 (1987).

19  The initial burden of proof rests upon plaintiff to establish a *prima facie* case

20

DECISION AND ORDER – HERT v COLVIN 14-CV-03068-VEB

1  of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.

2  1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is

3  met once plaintiff establishes that a mental or physical impairment prevents the

4  performance of previous work. The burden then shifts, at step five, to the

5  Commissioner to show that (1) plaintiff can perform other substantial gainful

6  activity and (2)  a "significant number of jobs exist in the national economy" that

7  plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

8  **B.   Standard of Review**

9      Congress has provided a limited scope of judicial review of a Commissioner's

10  decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

11  made through an ALJ, when the determination is not based on legal error and is

12  supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

13  1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's]

14  determination that a plaintiff is not disabled will be upheld if the findings of fact are

15  supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

16  1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla,

17  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a

18  preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989).

19  Substantial evidence "means such evidence as a reasonable mind might accept as

20

DECISION AND ORDER – HERT v COLVIN 14-CV-03068-VEB

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

DECISION AND ORDER – HERT v COLVIN 14-CV-03068-VEB

**C.    Commissioner's Decision**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since October 15, 2010 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 30, 2014. (T at 28). The ALJ determined that Plaintiff's cervical degenerative disc disease, thyroid disorder, anxiety disorder, affective disorder, and substance addiction disorder were "severe" impairments under the Act. (Tr. 28-30).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 30-32).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR § 416.967 (b), with some additional limitations.  The ALJ further found that, following an accident on May 5, 2012, Plaintiff's RFC was limited to sedentary work, with some additional restrictions. (T at 32-38).

The ALJ concluded that Plaintiff could perform her past relevant work as an agricultural produce sorter. (T at 38-39).  In the alternative, the ALJ found that considering Plaintiff's age (39 years old on the alleged onset date), education (high

DECISION AND ORDER – HERT v COLVIN 14-CV-03068-VEB

school), work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 39-40).

As such, the ALJ concluded that Plaintiff was not disabled, as defined under the Social Security Act, between October 15, 2010 (the alleged onset date) and November 2, 2012 (the date of the decision) and was therefore not entitled to benefits. (Tr. 40-41).    As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 1-6).

**D.    Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed.  She offers three (3) principal arguments in support of this position.  First, Plaintiff contends that the ALJ improperly rejected the opinions of treating and examining medical providers, as well as lay witness testimony.  Second, Plaintiff challenges the ALJ's credibility analysis.  Third, Plaintiff challenges the ALJ's residual functional capacity analysis.  This Court will examine each argument in turn.

DECISION AND ORDER – HERT v COLVIN 14-CV-03068-VEB

# IV. ANALYSIS

## A.    Treating & Examining Providers/Lay Evidence

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

### 1.    Physical Impairments

In November of 2010, Edward Liu, an examining nurse practitioner, conducted a functional assessment.  Mr. Liu opined that Plaintiff could lift no weight, stand for less than 1 hour in an 8-hour workday, and sit for less than 1 hour in an 8-hour workday. (T at 339).

The ALJ afforded little weight to Mr. Liu's opinion, finding it inconsistent with Plaintiff's claim of moderate limitations and demonstrated functional abilities. (T at 37). The ALJ concluded that Plaintiff could occasionally lift 20 pounds and

DECISION AND ORDER – HERT v COLVIN 14-CV-03068-VEB

frequently lift 10 pounds; stand/walk (with normal breaks) for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. (T at 32).

In evaluating a claim, the ALJ must consider evidence from the claimant's medical sources. 20 C.F.R. §§ 404.1512, 416.912. Medical sources are divided into two categories: "acceptable" and "not acceptable." 20 C.F.R. § 404.1502. Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. § 404.1502. Medical sources classified as "not acceptable" (also known as "other sources") include nurse practitioners, therapists, licensed clinical social workers, and chiropractors. SSR 06-03p.

The opinion of an acceptable medical source is given more weight than an "other source" opinion. 20 C.F.R. §§ 404.1527, 416.927.  For example, evidence from "other" sources is not sufficient to establish a medically determinable impairment. SSR 06-03p.

However, "other source" opinions must be evaluated on the basis of their qualifications, whether their opinions are consistent with the record evidence, the evidence provided in support of their opinions and whether the other source is "has a specialty or area of expertise related to the individual's impairment." See SSR 06-03p, 20 CFR §§404.1513 (d), 416.913 (d).  The ALJ must give "germane reasons"

before discounting an "other source" opinion. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Here, the ALJ's decision contains legally sufficient reasons to sustain the decision to discount Mr. Liu's "other source" opinion.  In May of 2011, Dr. Phillip Dove, an examining physician, reported that Plaintiff's neck pain did not interfere with her hand, arm, or leg function, and observed that she walked without difficulty. (T at 493).  He found "no neurological manifestations of spinal cord compression or muscle weakness." (T at 493).  Although Dr. Dove believed Plaintiff was in pain and needed pain management, he opined that this did not prevent her from being employable. (T at 493).  Treatment notes and imaging studies (i.e. MRI & CT scans) generally indicated mild or moderate findings. (T at 34).  In light of the foregoing, the ALJ's decision to discount Mr. Liu's assessment was supported by "germane reasons" and is sufficient to withstand this Court's review.[2]

## 2.    Mental Health Impairments

In October of 2010, Dick Moen, a social worker, completed a psychological/psychiatric evaluation.  Mr. Moen noted that Plaintiff suffered from

---

[2] Plaintiff also challenges the ALJ's conclusion that her fibromyalgia was not a severe impairment.  However, because the ALJ included all of the assessed physical and mental limitations in determining Plaintiff's RFC, any error at step two was harmless. *See Lewis v. Astrue*, 498 F.3d 909,  911 (9th Cir. 2007)(because the ALJ considered any limitations posed by an impairment, even though it was not listed at step two, the step two error is harmless).

DECISION AND ORDER – HERT v COLVIN 14-CV-03068-VEB

bipolar mania, which would cause a marked limitation with regard to basic work activities, and panic attacks, which would cause a moderate limitation. (T at 351). He diagnosed bipolar 1 (unspecified) and panic disorder with agoraphobia. (T at 355). Mr. Moen assigned a Global Assessment of Functioning ("GAF") score[3] of 50 (T at 353), which is indicative of serious impairment in social, occupational or school functioning. *Onorato v. Astrue,* No. CV-11-0197, 2012 U.S. Dist. LEXIS 174777, at *11 n.3 (E.D.Wa. Dec. 7, 2012).  Mr. Moen opined that Plaintiff would have marked limitations with regard to exercising judgment and making decisions and maintaining appropriate behavior in a work setting. (T at 354).  He described Plaintiff as "chronically" mentally ill. (T at 355).

In May of 2011, Russell Anderson, a social worker, completed a psychological/psychiatric evaluation.  Mr. Anderson noted that Plaintiff suffered from depression, hypomania, and anxiety/panic, which he believed would cause marked limitation in Plaintiff's ability to perform basic work activities. (T at 555). He diagnosed bipolar disorder (NOS), panic disorder with agoraphobia, pain disorder associated with both psychological features and a medical condition, and opioid dependence in early remission. (T at 555).  Mr. Anderson assigned a GAF

---

[3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – HERT v COLVIN 14-CV-03068-VEB

score of 41, which is indicative of serious impairment in social, occupational or school functioning. (T at 555).

Mr. Anderson opined that Plaintiff would have a moderate limitation understanding/remembering/persisting with regard to simple instructions and learning new tasks; marked limitation in understanding/remembering/persisting with respect to complex instructions and performing effectively in work setting with public contact; and a marked limitation as to maintaining appropriate behavior in a work setting. (T at 556-57).

In December of 2011, Dr. Jan Kouzes , an examining psychologist, performed a psychological/psychiatric evaluation.  Dr. Kouzes diagnosed bipolar disorder, alcohol dependence, and panic disorder without agoraphobia. (T at 561).   She described Plaintiff's prognosis as "guarded" and noted that her response to mental health treatment was "poor."  (T at 563).  Dr. Kouzes assigned a GAF score of 45-50 (T at 562), which is indicative of serious impairment in social, occupational or school functioning.

The ALJ afforded little weight to all of these opinions. (T at 37).  With regard to Dr. Kouzes's opinion, the ALJ found the assessment to be a simple summary of Plaintiff's subjective complaints, without any "objective analysis" of her mental health. (T at 37).  However, this is not accurate. Dr. Kouzes provided more than a

DECISION AND ORDER – HERT v COLVIN 14-CV-03068-VEB

1    summary.  As noted above, Dr. Kouzes described Plaintiff's prognosis as "guarded,"

2    noted that her response to mental health treatment was "poor," and assigned a GAF

3    score indicative of serious impairment in functioning. (T at 562-63).  Moreover, Dr.

4    Kouzes personally observed symptoms of depressed mood, anxiety, and cognitive

5    problems. (T at 561).  She noted that Plaintiff had occupational problems and opined

6    that a protective payee would be needed because Plaintiff was unable to manage her

7    funds appropriately. (T at 562).  Dr. Kouzes also performed a mental status exam,

8    describing Plaintiff as depressed, anxious, and fearful. (T at 563).  Thus, the ALJ's

9    decision to discount Dr. Kouzes's assessment as a "simple summary" cannot be

10   sustained.

11       The ALJ also discounted the "other source" opinions provided by Mr.

12   Anderson and Mr. Moen.  With regard to Mr. Anderson, the ALJ noted that the

13   social worker cited Plaintiff's homelessness and lack of work as factors in

14   determining the GAF score.  The ALJ found this inappropriate. (T at 37).  In

15   addition, the ALJ believed Plaintiff demonstrated greater abilities than she reported

16   to Mr. Anderson. (T at 37).  However, even assuming for the sake of argument that

17   Mr. Anderson's reference to Plaintiff's homelessness and lack of work were

18   irrelevant in terms of the disability determination, the social worker had the first

19   hand opportunity to examine Plaintiff and observe her depression and anxiety. (T at

20

DECISION AND ORDER – HERT v COLVIN 14-CV-03068-VEB

555).  In addition, the fact that Plaintiff is able to participate in recreational activities of her choosing and on her own schedule (i.e. on "good days") does not contradict the evidence of disabling depression and anxiety.  "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.")(cited with approval in *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014)).

The ALJ also erred in discounting Mr. Moen's assessment.  The ALJ noted that Mr. Moen did not consider Plaintiff's history of substance abuse and based his opinion "entirely" on Plaintiff's subjective statements. (T at 37). However, Mr. Moen performed a clinical interview and mental status examination and based his

DECISION AND ORDER – HERT v COLVIN 14-CV-03068-VEB

findings on those observations. (T at 350-58).  Moreover, the ALJ did not find Plaintiff's substance abuse history to be a factor material to the disability determination and did not explain how Mr. Moen's consideration of that history would have or should have affected his assessment of Plaintiff's functional limitations.

Lastly, the ALJ discounted each opinion individually, without (apparently) considering the fact that all three examining sources made very similar findings. This congruence of opinion is, itself, evidence that tends to support the credibility of each assessment individually.   Indeed, no examining mental health provider provided a functional assessment to the effect that Plaintiff could comply with the mental demands of basic work activity.  As such, this aspect of the ALJ's decision cannot be sustained.

### 3.        Lay Evidence

"Testimony by a lay witness provides an important source of information about a claimant's impairments, and an ALJ can reject it only by giving specific reasons germane to each witness." *Regennitter v. Comm'r*, 166 F.3d 1294, 1298 (9th Cir. 1999).

In this case, Bill Tanquari, Plaintiff's friend and neighbor, completed a report, wherein he advised that Plaintiff had severe panic attacks and difficulty sleeping,

needed help managing money, becomes angry easily, was forgetful and had a shorten attention span. (T at 275-82).    The ALJ found that Mr. Tanquari's assessment was inconsistent with Plaintiff's self-reported activities and was therefore entitled to little weight. (T at 37).    This finding is problematic in two respects.    First, the ALJ did not (apparently) consider that Mr. Tanquari's assessment was consistent with the opinions of Dr. Kouzes, Mr. Moen, and Mr. Anderson.    Second, as outlined below, the ALJ's consideration of Plaintiff's self-reported activities was flawed.    Accordingly, the ALJ's decision to discount Mr. Tanquari's assessment provides an additional reason for remand.

## B.    Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible

and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, Plaintiff testified as follows: She struggles with severe depression, anxiety, and sleep disorder. (T at 59). Shoulder, neck, and back pain are constant problems. (T at 59). She has "good days" and "bad days." (T at 60). On a good day, she watches TV and may visit with a friend. (T at 60). She can sit in one position for 10 or 15 minutes on a good day, but needs to lie down frequently. (T at 61). She has bouts of depression and anxiety, as well as panic attacks and difficulty concentrating, even on good days. (T at 61-62). On bad days, Plaintiff mostly lies in bed with racing thoughts. (T at 63). She does not socialize on those days. (T at 64). Plaintiff has bad days three or four times per week. (T at 64). She has suicidal ideation. (T at 65). She tends to isolate herself and is not able to care for her teenage daughter. (T at 66-67). On a good day, she can carry a gallon of milk for a short distance. (T at 69). On a bad day, Plaintiff cannot lift anything. (T at 69-70).

The ALJ found that Plaintiff's medically determinable impairments could cause the alleged symptoms, but concluded that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible to the extent alleged. (T at 34).

DECISION AND ORDER – HERT v COLVIN 14-CV-03068-VEB

The ALJ's decision was not supported by substantial evidence.  Plaintiff's testimony regarding mental health limitations was consistent with the assessments provided by the examining providers (Dr. Kouzes's, Mr. Anderson, and Mr. Moen). The treatment notes documented severe depression, agitated behavior, anxious affect and panic disorder symptoms. (T at 370-75).   The ALJ relied too heavily on Plaintiff's self-reported activities.   (T at 35-36).   As noted above, the fact that Plaintiff is able to participate in recreational activities of her choosing and on her own schedule (i.e. on "good days") does not undermine her claims of disabling depression and anxiety.   The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)).   "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ also found that Plaintiff's history of substance abuse diminished the credibility of her allegations of severe pain. (T at 36).   However, this suggestion is

inconsistent with the examining provider opinions and treatment notes which were consistent with Plaintiff's allegations.  The treating providers documented severe depression, agitated behavior, anxious affect and panic disorder symptoms, without indicating that these symptoms were exaggerated by or otherwise related to Plaintiff's substance abuse. (T at 350-58, 370-75).  In addition, the record suggests that Plaintiff's substance abuse was an apparently misguided effort to "self-medicate" to deal with her anxiety and depression. (T at 475).  In any event, the record indicated that Plaintiff's disabling mental health symptoms persisted, even after she successfully completed chemical dependency treatment in May 2011 and has not had a relapse. (T at 473-77).  For the foregoing reasons, this Court finds that the ALJ's credibility determination cannot be sustained.

## C.    RFC

The ALJ concluded that, prior to May 5, 2012, Plaintiff retained the RFC to perform light work, with occasional lifting of 20 pounds and frequent lifting of 10 pounds.  The ALJ determined that Plaintiff can stand or walk (with normal breaks) for a total of about 6 hours in an 8-hour workday, sit (with normal breaks) for a total of about 6 hours in an 8-hour workday.  He found that she can frequently climb ramps or stairs, occasionally crawl, and reach overhead occasionally but can never climb ladders, ropes, or scaffolding. (T at 32).  She needs to avoid concentrated

DECISION AND ORDER – HERT v COLVIN 14-CV-03068-VEB

exposure to extreme cold, vibrations, or hazards (e.g. machinery or heights).  She is limited to occasional contact with the public, but can tolerate frequent change in the work setting. (T at 32).

The ALJ determined that, after a May 5, 2012 accident, Plaintiff was limited to sedentary work, standing/walking (with normal breaks) for 2 hours in an 8-hour workday (but no more than 15 minutes at a time) and sit for about 6 hours in an 8-hour workday.  (T at 33).  The ALJ found that Plaintiff was limited to occasional contact with the public, but could tolerate occasional work setting changes, and could perform simple, repetitive tasks. (T at 33).

The ALJ's RFC determination, particularly with regard to Plaintiff's mental health impairments is not supported by substantial evidence.  As outlined above, the ALJ did not afford appropriate weight to the opinions of the examining providers and improperly discounted Plaintiff's credibility.  As such, the RFC determination cannot stand.

**D**. **Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. A remand for calculation of benefits is warranted where "(1) the ALJ failed to provide legally sufficient reasons for

DECISION AND ORDER – HERT v COLVIN 14-CV-03068-VEB

rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

Here, as set forth above, this Court finds that the ALJ did not provide legally sufficient reasons for rejecting the evidence from Plaintiff's examining providers concerning the severity of her mental health impairments and did not properly weigh Plaintiff's credibility.   In turn, these errors undermined the ALJ's RFC determination.   There are no outstanding issues that must be resolved before a determination of disability can be made.   It is clear from the record that the ALJ would be required to find Plaintiff disabled if the evidence had been properly analyzed and credited.   Accordingly, this Court finds that remand for calculation of benefits is the appropriate remedy.

## IV. ORDERS

IT IS THEREFORE ORDERED that:

Plaintiff's motion for summary judgment, Docket No.  15, is GRANTED.

DECISION AND ORDER – HERT v COLVIN 14-CV-03068-VEB

1    The Commissioner's motion for summary judgment, Docket No. 19, is

2  DENIED.

3    This case is REMANDED for calculation of benefits.

4    The District Court Executive is directed to file this Order, provide copies to

5  counsel, enter judgment in favor of Plaintiff, and close this case.

6    DATED this 18th day of March, 2015.

7

8                                        /s/Victor E. Bianchini
                                        VICTOR E. BIANCHINI
9                              UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

DECISION AND ORDER – HERT v COLVIN 14-CV-03068-VEB